UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERRICK BANK CORPORATION, )<br>as assignee of the claims of CARDSYSTEMS )<br>SOLUTIONS, INC. )<br>   ) <br>   Plaintiff, )<br>   )<br>vs. )<br>   )<br>SAVVIS, INC., and SAVVIS )<br>COMMUNICATIONS CORPORATION, )<br>   )<br>   Defendants. ) | Case No. 4:08CV00674 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss, Transfer, or Stay Proceedings [doc. #15]. A similar Motion was filed in a companion case, Case No. 4:08CV00675 ERW, in which Merrick Bank Corporation sued in its own capacity, and not as assignee of the claims of CardSystems Solutions, Inc. The Court will issue a separate Order in that case on this date.

### I.     BACKGROUND

On May 12, 2008, Plaintiff Merrick Bank Corporation, as assignee of the claims of CardSystems Solutions, Inc. ("Plaintiff"), filed this action seeking damages against Defendants SAVVIS, Inc. and SAVVIS Communications Corporation ("Defendants") for alleged negligence and negligent misrepresentation. On July 21, 2008, Defendants filed this pending motion to dismiss, or in the alternative, transfer or stay this case. Plaintiff filed a response and Defendants, in turn, filed a reply.

Prior to Plaintiff's filing the pending action, Cumis Insurance Society, Inc. ("Cumis"), a third party, filed an action against both Plaintiff and Defendants in California state court ("Cumis action"). The Cumis action alleged six causes of action against Plaintiff and Defendants: (1) negligent interference with prospective economic advantage; (2) violation of California's Unfair Competition Law; (3) breach of contract; (4) misrepresentation (5) negligence; and (6) conversion/trespass to chattel. On June 4, 2007, the case was removed to the United States District Court for the Central District of California. On August 2, 2007, Plaintiff successfully transferred the Cumis action to the District of Arizona on 28 U.S.C. § 1404(a) grounds. On September 18, 2008, the District of Arizona dismissed the following claims: (1) negligent interference with prospective economic advantage; (5) negligence; and (6) conversion/trespass to chattel. The remaining claims are still pending in the District of Arizona.

## II. DISCUSSION

Defendants move to dismiss, transfer, or stay the current action under the first-filed rule, or alternatively, to transfer the action to the District of Arizona under the federal change of venue statute, 28 U.S.C. § 1404(a).

A.   <u>The First-Filed Rule</u>

Defendants argue that this action is "substantially similar" to the pending Cumis action in the District of Arizona and, thus, it should be dismissed in favor of the Cumis action under the first-filed rule. In the alternative, Defendants request that this action be transferred to the District of Arizona, or stayed pending resolution of the Cumis action.

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been

instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). The rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." *Id.* at 1005 (quoting *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990) (internal citation omitted)). The current standard is that "in the absence of compelling circumstances the first-filed rule should apply." *Id.* at 1005 (internal citation omitted). However, district courts enjoy wide discretion in applying the first-filed rule. *See id.* at 1004. Therefore, barring any compelling circumstances, if this case is "parallel litigation" to the Cumis action, the first-filed rule will apply.

The first issue to address is whether a plaintiff's suit against a defendant in one district is "parallel" to a suit in which both parties are co-parties in another district and both suits arise out of essentially the same actionable event. The Court recognizes that "the plaintiff is the master of his claim." *See* 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3702 (3d ed. 1998); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon . . . ."). The Court also recognizes that judicial economy is a factor to consider, in resolving these disputes, when essentially the same lawsuit may be pending in two separate courts.

Rule 13(g) of the Federal Rules of Civil Procedure clearly indicates that co-parties *may* state a cross-claim against each other that arises out of the event that is the subject matter of the original action. Further highlighting the permissiveness of cross-claims, Rule 13 specifies the types of counter-claims that *must* be filed. *See* Fed. R. Civ. P. 13(a). The permissive language

3

in Rule 13(g), in contrast to the compulsory language in Rule 13(a), indicates that cross-claims are not compulsory, and thus, plaintiffs are not barred from bringing such claims in a subsequent independent action. *See Am. Sur. Co. v. Fazel*, 20 F.R.D. 110, 111 (S.D. Iowa 1956) ("The cross-claim in paragraph (g) is not compulsory, and the way is left open for a litigant subsequently to make claim [sic] against a co-defendant or defendants."); *see also Gallagher v. Frye*, 631 F.2d 127, 130 (9th Cir. 1980) ("This Circuit has refused to apply res judicata to bar a second suit on a claim related to an earlier claim when the second claim could, but was not required, to have been joined in the first action.").

Therefore, if the first-filed rule could preempt this action in favor of the Cumis action, it would essentially transform Plaintiff's claim in the present case into a compulsory cross-claim in the Cumis action. This would make Cumis the master of Plaintiff's claim. While the first-filed rule is based on the important policies of conserving judicial resources and avoiding conflicting rulings, the Court must consider the impact of relying on the first-filed rule as it relates to the nature of the Parties' claims. *See Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

Plaintiff and Defendants debate, respectively, over whether the Court should require identification of "identical" or "substantially similar" issues and parties in order to apply the first-filed rule. The Court acknowledges that there is confusion in applying this test. *Compare Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002) ("The two cases do not have to be identical but must have issues that substantially overlap."), *with Cent. States Indus. Supply, Inc. V. McCullough*, 218 F. Supp. 2d 1073, 1091-92 (N.D. Iowa, 2002) ("Thus, the first-filed rule requires that the concurrent cases be brought by the same

4

parties and embrace the same issues."). However, the Court need not decide the merits of either test since the Court finds that the first-filed rule will not be applied to the current action. Because the first-filed rule will not be applied, no analysis is included as to whether any compelling circumstances exist that would bar application of the rule.

B.      Change of Venue Under § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In applying this statute, courts generally focus on three factors when deciding whether to transfer a case to another court in which venue is proper: the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, § 1404(a) places discretion in the hands of the district courts to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Additionally, "[t]he party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

   1.      *Convenience of the Parties*

Although both parties agree that venue is proper in the District of Arizona, Plaintiff and Defendants disagree whether the District of Arizona or the Eastern District of Missouri is the more convenient forum. Defendants curiously claim that it is more convenient to litigate in Arizona when their headquarters is in the Eastern District of Missouri. However, this argument will be measured, considering that Plaintiff has already forced Defendants to begin litigating

similar issues, arising out of essentially the same actionable event, in Arizona. It would appear that both Arizona and Missouri are equally convenient for Defendants. At the same time, both forums seem equally inconvenient for Plaintiff, since it is a Utah corporation with its principal place of business in Utah; however, geographically, Utah is closer to Arizona than to Missouri. Ultimately, considering the factor of convenience of the parties, there is a benefit favoring Defendants in transferring the case to the District of Arizona.

      2.    *Convenience of the Witnesses*

The parties strongly disagree on which forum is more convenient for the relevant witnesses. Defendants vaguely state that the majority of witnesses and evidence for this case would be found in Arizona. Typically, "the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1122 (D. Minn. 1999). In its Memorandum in Opposition to Defendants' Motion to Dismiss, Transfer, or Stay, Plaintiff states that "[a]s CardSystems no longer has any employees, relevant CardSystems personnel may or may not be located in Arizona at this point." However, only a year ago, Plaintiff argued the exact opposite when seeking a transfer of the Cumis action to the District of Arizona. The Court is not persuaded by Plaintiff's argument that CardSystems' employees have scattered to the wind after the close of bankruptcy proceedings. Moreover, Plaintiff is suing Defendants for negligence and negligent misrepresentation arising out of Defendants' audit of CardSystems. CardSystems' audited facilities are located in Arizona, and the breach of security that led to this action occurred in Arizona. It is reasonable to assume that key evidence and witnesses in this case will be found in Arizona.

On the issue of availability of witnesses, the Court believes the scales are balanced; Defendants' relevant employee witnesses are located in Missouri and the relevant former CardSystems employees are likely located in Arizona. However, if the case were tried today in Missouri, there would be a significant number of non-party witnesses, mainly former CardSystems employees, outside the 100-mile subpoena power of the Court. *See* Fed. R. Civ. P. 45(b)(2); *Graff*, 33 F. Supp. 2d at 1122. By transferring the case to Arizona, it is reasonable to assume that most, if not all, witnesses outside the 100-mile limit would be employees of the parties, and thus, the respective parties would have the incentive and power to compel these witnesses' cooperation. This final fact tips the scales in favor of transfer.

Ultimately, the convenience of the parties factor weighs slightly in favor of transfer and the convenience of the witnesses factor also weighs slightly in favor of transfer, due to the District of Arizona's greater ability to compel the appearance of non-party witnesses.

3. *Interest of Justice*

In analyzing whether the interest of justice factor demands transfer, courts are instructed to consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

While procedural safeguards bar application of the first-filed rule, even Plaintiff admits that there "may be judicial economy and cost savings in litigating one action as opposed to two." [doc. #17 pg. 13]. However, even if this Court does transfer the case to the District of Arizona,

7

the two separate cases would continue to exist independently.  This could mean that the cases would have different trial schedules, possibly in front of different judges.  The judicial economy referenced by Plaintiff could occur, however, if the parties agreed to consolidate this action and the Cumis action.  In light of Plaintiff's current attempts to keep the actions separate, the court cannot assume that consolidation will occur.  Therefore, transfer to Arizona is not likely to result in any gain in judicial economy.

Typically, a plaintiff's choice of forum is granted significant weight.  *Terra Int'l Inc.*, 119 F.3d at 695.  However, that deference is tempered when the plaintiff's choice is not its residence, as in this case.  *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 877 (E.D. Mo. 2000) (citations omitted).  That deference must be further considered because of Plaintiff's strong and successful contention in the Cumis action that the District of Arizona was the proper forum.  Plaintiff cannot drag Defendants from California to Arizona, and now to Missouri, and still expect full deference on its choice of forum in this action.

Finally, any remaining deference is negated by evidence that Plaintiff's choice of forum was admittedly based on impermissible forum shopping.  *See Clayton v. Warlick*, 232 F.2d 699, 706 (4th Cir. 1956) ("We have no sympathy with shopping around for forums.").  Under Arizona law, the statute of limitations for an action for negligence or for negligent misrepresentation is two years.  *See* Ariz. Rev. Stat. Ann. § 12-542 (1992); *Hullet v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003); *Hall v. Romero*, 685 P.2d 757, 760 (Ariz. Ct. App. 1984).  Since Plaintiff's claims in this action are based on conduct that allegedly occurred sometime between 2003 and 2005, these claims will possibly be barred in Arizona.  Meanwhile, under Missouri law, these claims

8

are governed by a five-year statute of limitations.[1]  *See* Mo. Rev. Stat. § 516.120 (1986); *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo. 1993) (en banc); *Branstad v. Kinstler*, 166 S.W.3d 134, 136 (Mo. Ct. App. 2005).  Therefore, the Court affords little, if any, deference to Plaintiff's choice of forum.  *See Italian Colors Rest. v. Am. Express Co.*, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003).

Moreover, the comparative costs to the parties weigh in favor of transfer.  Since Defendants are headquartered in Missouri, but are already litigating the Cumis action in Arizona, there will be little cost difference for them in either forum.  Meanwhile, both Arizona and Missouri are foreign forums for Plaintiff since it is a Utah corporation.  However, Plaintiff is already litigating a case arising out of essentially the same actionable event in Arizona.  It seems reasonable that it would be less costly for Plaintiff to litigate two cases in one foreign forum, rather than in two foreign forums.

The Court fully believes that the victorious party will be able to enforce a valid judgment in either this Court or in the District of Arizona.  Nor will either party find an obstacle to a fair trial in either forum.  Since the Court predicts Arizona law will likely apply to this action,[2] there

---

[1] It is worth noting that Missouri's borrowing statute might arguably apply Arizona's statute of limitations, completely barring Plaintiff's claims.  *See* Mo. Rev. Stat. § 516.190 ("Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.").  Further, Plaintiff contends that the statute of limitations will likely be tolled as a result of CardSystems' filing of bankruptcy.  Regardless, this is an issue that will have to be resolved later in the litigation and not one for this Court to take up at this time.

[2] The *Erie* doctrine requires the Court to accept the Missouri conflict of law analysis set forth in *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. 1969) (en banc).  The *Kennedy* framework follows the Restatement's "most significant relationship test."  Restatement (Second) of Conflict of Laws § 145 (1971).  This test examines factors such as: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; (d) the place where the relationship, if

can be no doubt that possible conflict of law issues favor transfer. Finally, while the court acknowledges that the District of Arizona is not a "*local court* determin[ing] questions of local law," *Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997) (emphasis added), the District of Arizona's greater familiarity with Arizona law makes it better equipped to apply Arizona law.

Ultimately, of the factors courts use to evaluate the interest of justice, judicial economy, each party's ability to enforce a judgment, and obstacles to a fair trial point equally to both forums. Meanwhile, comparative costs to the parties of litigating in each forum, conflict of law issues, and the advantages of having a local court determine questions of local law all weigh in favor of transfer. However, for reasons listed above, this weight is slight. Generally, such a showing would fail to meet the moving party's required burden. But, courts have based the assignment and force of the burden on deference to the plaintiff's choice of forum. *See Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000) (noting that the burden is placed on the defendant to show that the transferee forum is more appropriate since the plaintiff's choice of forum is given considerable deference); *Terra Int'l*, 119 F.3d at 695 ("In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."). As deference to the plaintiff's choice of forum is diminished, the

---

any, between the parties is centered." *Id.* Moreover, "[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.* In this action, the first, second, and fourth factors all favor the application of Arizona law, and while the place of incorporation and principle place of business is important, it cannot outweigh the other three factors. While the Court acknowledges that this determination is purely dicta, the Court believes that the interest of justice analysis, particularly the consideration of conflict of law issues and advantages of having a local court determine questions of local law, justifies reference to this analysis.

moving party's burden will be viewed differently.  As stated above, the Court gives little, if any, deference to Plaintiff's choice of forum due to prior contradictory arguments, the perception of impermissible forum shopping, and the fact that the chosen forum is not Plaintiff's home. Therefore, while Defendants' case for transfer under § 1404 has not been particularly strong, under all of the facts and circumstances of the case, the Court finds that they have met their burden.

### III.    CONCLUSION

The Court concludes that the first-filed rule does not apply to this action.  To rule otherwise would essentially transform Plaintiff's claim against Defendants into a compulsory cross-claim.  Therefore, Defendants' Motion to Dismiss, Transfer, or Stay the current action under the first-filed rule is denied.

The Court next concludes that Defendants' Motion to Transfer based on the federal change of venue statute, 28 U.S.C. § 1404(a), is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Transfer, or Stay Proceedings [doc. #15] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is transferred to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a).

Dated this <u>8th</u> Day of <u>December</u>, 2008.

                                                   E. RICHARD WEBBER
                                                  UNITED STATES DISTRICT JUDGE